(58 App. Div. 451.)

ABBEY v. WHEELER et al.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. APPEAL.—FINAL JUDGMENT—DEMURRER—FAILURE TO PLEAD OVER.

From an interlocutory judgment of the special term overruling a demurrer the defendant appealed to the general term of the supreme court, which reversed the judgment and sustained the demurrer, and provided that defendant might enter judgment if plaintiff failed to plead over in a

prescribed time. Plaintiff did not plead over, and final judgment was entered for defendant. *Held*, that the final judgment, though directed by the general term, was in effect a judgment of the special term, so that an appeal will lie therefrom to the appellate division.

2. SAME—FORMER OPINION OF GENERAL TERM.

On an appeal from a judgment of the special term entered in accordance with a decision on an appeal to the general term, the appellate division will follow the decision of the general term as far as the questions at issue are identical.

Appeal from final judgment entered on mandate of supreme court, general term.

Action by Frank R. Abbey against Jerome B. Wheeler and others. From a final judgment entered on the mandate of the supreme court, general term, reversing a special term decision overruling a demurrer to the complaint and dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Treadwell Cleveland, for appellant.

Eugene Frayer, for respondents.

PER CURIAM. We are of opinion that an appeal from the final judgment entered in this case in November, 1900, lies to this court. The action was brought for an accounting, and the defendant Wheeler demurred to the complaint. The demurrer was overruled at the special term, and from an interlocutory judgment then entered the defendant appealed to the general term of the supreme court, which in March, 1895, reversed the interlocutory judgment and sustained the demurrer, with leave to the plaintiff to plead over on payment of costs within 20 days after the service of a copy of its order. The interlocutory judgment entered upon the decision of the general term also provided that, if the plaintiff did not pay the costs and plead over within the 20 days, the defendant Wheeler might enter judgment dismissing the complaint, with costs. It appears that the plaintiff paid the costs, but did not plead over; the time to plead being extended by consent of the defendants' attorney until February, 1898. In November, 1900, the defendant Wheeler entered a final judgment by which the complaint was dismissed as to him, and for the recovery by him from the plaintiff of costs and an extra allowance granted by an order made at the special term in November, 1900. In the Code of Civil Procedure no provision seems to have been made for an appeal to the court of appeals from a final judgment such as this. It provides for an appeal to the court of appeals where final judgment is rendered after the affirmance, upon appeal to the appellate division of the supreme court, of an interlocutory judgment. Section 1336, Code Civ. Proc. Here the general term reversed the interlocutory judgment. We think the final judgment, although directed by the general term, should be regarded as a judgment of the special term; and in order to secure to the plaintiff a right of review an appeal should be allowed to this court. Considering the appeal as properly here, the decision of the general term must control. The rights of the parties were settled by the decision

69 N.Y.S.—28

of that court, and the rule of law governing the case was laid down by it. Under such circumstances, we must follow and abide by the decision of the general term; the questions determined there being identical with those arising on this appeal. Mygatt v. Coe, 142 N. Y. 81, 36 N. E. 870.

Judgment affirmed, with costs.